UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL HAMEL,

        Plaintiff,

        - against -

GARLAND TOI BARRETO; NEW YORK CITY
DEPARTMENT OF CORRECTION; LISETTE
CAMILO; NEW YORK CITY DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES;
CITY OF NEW YORK,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-6324 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Michael Hamel, *pro se*, now on his second amended complaint, brings a claim for wrongful termination under 42 U.S.C. § 1983 and various related state law claims[1] against the City of New York, the New York City Department of Correction ("DOC"), DOC Acting Deputy Commissioner Garland Toi Barreto, the New York City Department of Citywide Administrative Services ("DCAS"), and DCAS Commissioner Lisette Camilo. (Sec. Am. Compl. (Doc. No. 24) at 2.) Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Mot. for Sum. J. (Doc. No. 32).) Hamel opposes the motion. (Mem. in Opp'n (Doc. No. 37).) For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

    The following facts are taken from the record and are undisputed unless otherwise noted. Hamel took and passed DCAS Correction Officer Exam No. 0111 in April of 2010 to become a

---

[1] Specifically, he alleges violations New York State Civil Service Law § 75, New York State Correction Law § 112, New York City Charter §§ 621, 815(f), the Personnel Rules and Regulations of the City of New York ("PPR") §§ 2.1(a)–(c), 5.2.7(a)(c)(1), and Title 4 of the New York Codes, Rules and Regulations ("NYCRR"), rules 4.5(a), and (b)(5)(iii).

correction officer. (Sec. Am. Compl. at 4.) The "Notice of Examination," which gives potential candidates an overview of the position and its requirements, stated that the correction officer position has a probationary period of 24 months. (Aff. in Supp. Ex. 1 (Doc. No. 35-1) at 3.) After passing the exam, Hamel was offered a position, which he accepted. (Sec. Am. Compl. at 5.) On April 25, 2013, Hamel signed a form titled "Notice of Conditions of Probation," in which he agreed to accept his appointment subject to a period of probationary service of 24 months. (Aff. in Supp. Ex. 2 (Doc. No. 35-2).) At his deposition, Hamel later testified that he knew his position had a two-year probationary period. (Aff. in Supp. Ex. 3 (Doc. No. 35-3) at 1.) After clearing all the necessary pre-employment requirements, he was appointed to the position of NYC Correction Officer on May 16, 2013, in a probationary capacity. (Sec. Am. Compl. at 5.) He completed training and graduated from the Correction Academy on August 28, 2013, and was assigned to Otis Bantum Correctional Center on Rikers Island. (*Id.*)

On July 30, 2014, Hamel's employment was terminated. (*Id.*) His termination letter was signed by defendant Barreto, and his termination was approved by DOC Commissioner Joseph Ponte. (Aff. in Supp. Ex. 4 (Doc. No. 35-4); Aff. in Supp. Ex. 5 (Doc. No. 35-5).) He was terminated for filing a false use of force report, and for excessive absences. (Def.'s 56.1 statement (Doc. No. 33) at ¶ 6; Aff. in Supp. Ex. 6 (Doc. No. 35-6) at 2–3.) Hamel claims not to have been given a reason for his firing and denies ever filing a false report or abusing his sick leave. (Sec. Am. Compl. at 5; Mem. in Opp. at 6.)

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, the evidence of the nonmovant "is to be believed" and the court must draw all "justifiable" or "reasonable" inferences in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Once the moving party has satisfied its burden, "the nonmoving party must come forward with 'specific facts showing there is a *genuine issue for trial*,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal citations omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). Thus, a "defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48).

## DISCUSSION

### I. § 1983 Wrongful Termination Claim

A procedural due process claim under 42 U.S.C. § 1983 is composed of two elements: "(1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir.2012) (citing *Narumanchi v. Bd. of Trustees*, 850 F.2d 70, 72 (2d Cir. 1988)). The existence of a property interest is determined not by the Constitution but according to state law. *Etere v. City of New York*, 381 F. App'x 24, 25 (2d Cir. 2010).

"In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause*." *Finley v. Giacobbe*, 79 F.3d 1285, 1297 (2d Cir. 1996) (quoting *S & D Maint. Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir. 1988)) (emphasis in original). "Under New York State law, it is well settled that a probationary employee, unlike a permanent employee, has no property rights in his position and may be lawfully discharged without a hearing and without any stated specific reason." *Finley*, 79 F.3d at 1297 (internal citations omitted); *see also Cancel v. New York City Human Res. Admin./Dep't of Soc. Servs.*, 634 F. App'x 843, 845 (2d Cir. 2015). A probationary employee has no property interest in his employment, and therefore cannot state a claim for deprivation of property without due process based on his termination. *Etere*, 381 F. App'x at 25.

Here, there is no genuine dispute of fact that Hamel was a probationary employee. The terms of his employment, including the 24-month probationary period, are clear from the Notice of Examination and Notice of Conditions of Probation. (Aff. in Supp. Ex. 1 at 3; Aff. in Supp. Ex. 2.) In addition, Hamel admitted during his deposition that he knew that his probationary

period was two years. (Aff. in Supp. Ex. 3 at 1.) Hamel began his employment on May 16, 2013, meaning that his probationary period would have lasted until May 2015. (Sec. Am. Compl. at 5.) Hamel was terminated on July 30, 2014, while he was still a probationary employee. (*Id.*) Because he was a probationary employee, he had no property interest in his continued employment. Without a valid property interest, Hamel's § 1983 claim for wrongful termination must fail. *Etere*, 381 F. App'x at 25.

Despite this, Hamel argues that, as a matter of law, he should have been automatically converted to a permanent employee after a two-month minimum probationary period because he did not receive advance notice that the period would be extended. (Mem. in Opp. at 3–8.) Hamel's argument relies heavily on *Matter of Albano v. Kirby*, which held that under Suffolk County Civil Service Rules, probationary terms must have both minimum and maximum lengths, and that where an employee completes the minimum term without being given notice that the period would be extended, his employment automatically becomes permanent. 36 N.Y.2d 526, 533 (1975); (Sec. Am. Compl. at 8). Hamel asserts that his minimum term was set at two months by PPR Rule V, § 5.2.7(c)(1).[2] (Sec. Am. Compl. at 7.) Neither authority supports Hamel's claims.

The *Albano* decision was based on an interpretation of the Suffolk County Civil Service Rules, which contained an explicit requirement that employees receive notice before the end of their minimum probationary term if the period is to be extended. *Albano* 36 N.Y.2d at 528. Those rules are not applicable in this case because Hamel was not an employee of Suffolk

---

[2] Hamel also cites to 4 NYCRR 4.5(a) for the proposition that he was only required to complete the minimum probationary period; not the maximum. However, 4 NYCRR 4.5(a) governs probationary periods for employees of the State of New York. Because Hamel was an employee of the City of New York, not the State, this rule does not apply in this case.

5

County. Hamel has not pointed to any applicable rule that contains a similar requirement, and the defendants assert that none exist. Therefore, regardless of any minimum probationary term, Hamel was not entitled to any notice, and did not convert from a probationary to a permanent employee two months after his appointment and 12 months prior to his termination.

PPR Rule V, § 5.2.7(c)(1) allows an agency head to terminate the employment of probationers for unsatisfactory conduct or performance after the completion of a minimum probationary period, but before the completion of the maximum period, by notice to the probationer and the commissioner of citywide administrative services. The rule also sets the default minimum period of probationary service at two months, but allows the commissioner of citywide administrative services to set another period. It does not in any way support the proposition that probationary terms end after the *minimum* probationary term is completed. Accordingly, Hamel had no property interest in his employment and cannot bring a § 1983 claim for wrongful termination.

## II. State Law Claims

In addition to his § 1983 claims, Hamel also brings a number of claims challenging his termination because of violations of state rules and regulations.[3] However, New York State law mandates that claims challenging termination under state law be brought in an Article 78 proceeding. *See Finley v. Giacobbe*, 79 F.3d 1285, 1292 (2d Cir. 1996) ("[P]robationary

---

[3] He alleges that (1) he was removed from service by DOC Acting Deputy Commissioner Barreto when Correction Law § 112, in combination with the New York City Charter, requires that he be removed only by the commissioner; (2) DCAS wrongly failed to inform him of the applicable minimum probationary period for his position; (3) he was removed for reasons other than unsatisfactory conduct or performance, as required by PPR § 5.2.7; (4) he was removed for reasons other than misconduct or incompetence, pursuant to Civil Service Law § 75; (5) he was given no reason for his termination, thus depriving him of any chance for meaningful judicial review; (6) he was not given one-week notice in accordance with 4 NYCRR 4.5(b)(5)(iii), depriving him of an opportunity to request an interview with the appointing authority prior to termination; and (7) the DOC failed to adhere to DOC Directives #2219, which requires evaluations of probationary employees, and #2230, which establishes a committee to consider personnel decisions.

6

employees must invoke article 78 to review dismissals that are allegedly arbitrary, capricious, or prohibited by statute or the constitution.") Article 78 proceedings cannot be brought in Federal Court and must be initiated in State Court. *Blatch ex rel. Clay v. Hernandez,* 360 F. Supp. 2d 595, 637 (S.D.N.Y. 2005). In addition, although Hamel can only assert these claims through an Article 78 proceeding, he would now be time-barred from doing so, as Article 78 proceedings must be commenced within four months of the challenged determination becoming final. N.Y. C.P.L.R. § 217(1). Therefore, defendants' motion with respect to these claims is granted.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is granted in its entirety and the case is dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order and the accompanying Judgment to *pro se* plaintiff Michael Hamel at the address listed for him with the court, note the mailing on the docket, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2018

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge